MARKELL v. MARKELL.

Divorce—Alimony—Division of Property—Equity.

> Award to wife of lump sum of alimony of $500 and $15 a week and property valued at $6,500 in addition to the household furniture and a 16-year-old car and to husband property valued at $8,000 *held,* just and equitable where parties had been married about 25 years, children were grown, wife had a doctor bill and attorney fee to pay and husband has a substantial earning capacity.

Appeal from Ingham; Eger (Paul G.), J.   Submitted June 10, 1947.   (Docket No. 50, Calendar No. 43,601.)   Decided October 13, 1947.

Bill for divorce by Marguerite Markell against Hugh Markell on ground of extreme and repeated cruelty.   Decree for plaintiff.   Defendant appeals. Affirmed.

*Pierce, Planck & Ramsey,* for plaintiff.

*John Wendell Bird,* for defendant.

North, J.   By her bill of complaint plaintiff sought a decree of separate maintenance, alleging defendant was guilty of extreme and repeated cruelty.   Issue was formed and testimony taken. Thereupon plaintiff filed an amended bill asking for absolute divorce.   By stipulation defendant's answer to the original bill was allowed to stand as his

answer to the amended bill. Plaintiff was granted a
decree of divorce on the ground of extreme cruelty
consisting of defendant's excessive use of intoxi-
cants and improper association with other women.
The decree contained provisions for a property
settlement and payment of alimony. No complaint
is made of the decree wherein an absolute divorce
was granted, but defendant has appealed solely on
the ground that the provisions as to the property
settlement and alimony were unjust and inequitable.
In this respect only, he asserts that the decree
should be modified.

The parties were married in 1919 and separated
in June, 1944. Two sons were born of the marriage,
but each is of full age or nearly so and therefore
their welfare is not involved. The situation as to
property rights, as disclosed by the record, is set
forth sufficiently accurately in the opinion of the
trial judge as follows:

"The testimony showed that he (defendant) now
has in his possession war bonds of the approximate
maturity value of $350, that he has a paid-up life
insurance policy with a present cash value of $1,190,
and $50 in the bank. It also developed that last fall
(after the separation) he got $3,600 from his
mother's estate, which he claims has been entirely
consumed by the payment of debts, purchase of
recreational equipment, and gambling. His testi-
mony as to the disposition of this money is most
unconvincing, and I believe we can find as a fact
that he still has a substantial portion of it in his
possession. He also has a truck which he testified
according to the O. P. A. price its value is $299.50,
and he has a 1935 Chevrolet (these two items are
stated in defendant's brief to be of the value of
$500), machine tools worth $200, and a note of Edna
Groves in the amount of $120 for money loaned
under suspicious circumstances. He and a sister

are the sole legatees of his father's estate,    *    *    * and he testified that he thought that it was inventoried at approximately $8,000. We are definite in that the estate contained 37 shares of $100 par, Consumers Power stock bearing an annual interest rate of between 5 and 6 per cent., and that he either has or will secure 19 shares thereof. He is employed under civil service in a permanent position, receiving $110.17 bi-monthly [semi-monthly?], from which is deducted $5.54 retirement payment and $11.70 tax withholding, leaving him approximately $45 a week, net.    *    *    * His entire testimony as to his present worth was most unconvincing.

"Plaintiff has government bonds of the present maturity value of approximately $475, has a 1931 Ford, and is in possession of the household furniture.

"The parties jointly own a house in Holt, with a present cash value of approximately $5,500, subject to a mortgage of $2,500 payable to defendant's father's estate. Apparently this mortgage is to be paid out of defendant's proceeds of the estate."

The foregoing factual aspect of the case should be amplified by noting that following a course of excessive use of intoxicating liquors defendant left the home of the parties in June, 1944, and has continued ever since to live elsewhere. The bill of complaint was filed November 1, 1945. Since the separation plaintiff has continued in possession of the home and the household furniture. Prior to the order for temporary alimony she received from defendant limited and irregular contributions toward her support. For some years past and at present plaintiff is suffering from a back ailment which impairs her ability to engage in any work which requires lifting. Subsequent to the separation plaintiff took defendant's father into her home and for a number of months cared for him in illness with but

limited and inadequate compensation. The home was originally purchased on a contract, the down payment of $500 was furnished by defendant's father. Subsequent contract payments were made from defendant's earnings. Ultimately the property was deeded to the parties jointly and a mortgage of $2,500 given to defendant's father. That amount in payment of the mortgage will be taken into consideration in settling the father's estate, of which defendant and his sister are the only heirs.

Under the above record the decree provided that defendant should pay plaintiff alimony in a lump sum within 30 days from the date of the decree in the amount of $500, and $15 weekly during the life of plaintiff or until the further order of the court. As to property settlement the decree ordered the payment of the mortgage encumbrance on the home property by defendant and vested sole title thereto in plaintiff. It was also decreed that plaintiff should have as her sole property the Ford automobile, title to which was in her name, the furniture located in the home, and the United States war bonds in her possession. Except as so provided the other items of defendant's property hereinbefore enumerated were awarded to him as his sole property.

We have given consideration to appellant's contention, which in substance is that the provisions in the decree touching alimony and property rights are not justified by the testimony; and, in short, that the alimony and property provisions in the decree are unjust and inequitable under the circumstances of the case. We are not in accord with this contention. In awarding alimony in a lump sum of $500 the trial court evidently had in mind plaintiff's indebtedness for a physician's service in excess of $100, and in this connection the court said: "It is expected that out of the amount awarded to her she shall pay her

attorney a liberal attorney fee.'' Briefly stated, the decree gave defendant, who has a substantial earning capacity, property of the value of nearly $8,000; and awarded to the wife the Ford automobile to which she already had title, and the household furniture; also other personal property and real property substantially of the value of $6,500, together with alimony at the rate of $15 per week. Under the circumstances disclosed by the record, we are of the opinion that the alimony and property settlement provisions in the decree are just and equitable. The decree is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.