ZIMMERS *v.* ZIMMERS.

1. DIVORCE—DIVISION OF PROPERTY—ALIMONY—EVIDENCE.

The disposition of issues as to alimony and division of property in suits for divorce is not subject to fixed rules but must necessarily rest, in each instance, on the particular facts involved as established by the proofs.

2. SAME—PAYMENT OF DEBTS TO ESTABLISH HOME FOR WIFE AND CHILDREN.

Provision of divorce decree that defendant husband should pay an indebtedness of approximately $41,500 which the wife had incurred in establishing a home for herself and the children after the separation *held,* proper and not inequitable under the circumstances shown, where it appears that the wife is not in position to become a wage earner, the security for her and the minor children requires that the husband bear the obligation and it appears he is capable of earning substantial wages in an assured position with the company in which he holds an interest.

3. SAME—HIGHER EDUCATION OF CHILDREN.

Provision of divorce decree that defendant husband should make possible an opportunity for the higher education of his chil-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally, 17 Am Jur, Divorce and Separation § 445 *et seq.,* § 495 *et seq.*
[2, 4, 5] 17 Am Jur, Divorce and Separation § 424 *et seq.,* § 445 *et seq.*
[3] 17 Am Jur, Divorce and Separation § 696.
[3] Education as element in allowance for benefit of child in decree of divorce or separation. 133 ALR 902.
  Purview of gift, charge, or the like, for "college education." 36 ALR2d 1323.
[6] 17 Am Jur, Divorce and Separation §§ 566, 567.
[7, 8] 17 Am Jur, Divorce and Separation § 643 *et seq.*
[7, 8] Power, in absence of reservation by statute or decree, to modify provision in decree of divorce or separation as to alimony or separate maintenance. 71 ALR 723; 127 ALR 741.
[9] 17 Am Jur, Divorce and Separation §§ 580, 581.
[9] Right of wife to allowance of counsel fees to prosecute or defend appeal in matrimonial action. 18 ALR 1494.

dren but reserving to the court the matter of requiring him to do so is not found improper, since it is assumed that when, and if, the matter is brought before the court by proper petition, the determination reached will be based on the situation existing at the time.

4. SAME—AWARD OF INCOME-PRODUCING PROPERTY—GIFTS.

Requirement of divorce decree that defendant husband assign 1,000 of his 2,415 shares of stock in company in which he held an executive position was not improper, notwithstanding it had been given him by his father and was not acquired as a result of the joint efforts of the husband and wife, where such provision was based on the finding of the trial judge as to plaintiff's lack of earning ability and on the conclusion that security for her and the home she maintained for herself and children rendered it proper and expedient to award her income-producing property.

5. SAME—DIVISION OF PROPERTY—SECURITY OF LIVING FOR WIFE.

The major consideration in the division of property in divorce proceedings is the security of living for the wife, especially where the cessation of the family life was caused by the husband's misconduct, and even though the property was acquired by the husband before the marriage or inherited after marriage (CLS 1954, § 552.23).

6. SAME—ATTORNEY FEE.

Attorney fee of $12,000 to counsel for wife, as allowed by trial court, in suit for divorce, is not disturbed on appeal, where it appears the trial judge was in far better position to determine the extent and value of services rendered by such counsel from the inception of the suit to its final determination.

7. SAME—ALIMONY—DIVIDENDS FROM STOCK.

Decree of divorce providing that plaintiff wife was to receive $700 per month until she received dividends on stock husband was required to assign to her is modified to award to her $100 per month in addition to the dividends, in order to amount to approximately the sum the trial court had found plaintiff would need, in view of the uncertainty of dividend payments from stock in automobile parts manufacturing company.

8. SAME—PERMANENT ALIMONY—MODIFICATION OF DECREE.

The amount of permanent alimony payments in the future is subject to modification on the petition of either party to suit for divorce, as circumstances may change (CL 1948, § 552.28).

9. SAME—APPEAL—COSTS—ATTORNEY FEE.

> Costs, including an attorney fee of $1,200, payable to counsel representing her on appeal, are awarded wife, where such counsel filed a motion in the Supreme Court, after the taking of the appeal, for attorney fees and expenses in connection with the appeal and such motion was objected to by defendant.

Appeal from Wayne; Webster (Arthur), J. Submitted January 13, 1956. (Docket No. 65, Calendar No. 46,697.) Decided June 4, 1956.

Bill by Mary H. Zimmers against John H. Zimmers for divorce and settlement of property rights. Decree for plaintiff. Plaintiff appeals contending for certain awards as permanent alimony to make property settlement effective. Defendant cross-appeals contending property settlement inequitable and attorney fees allowed excessive. Decree modified to provide for permanent alimony award, affirmed as modified and remanded.

*Burke, Burke & Ryan,* for plaintiff.

*Davidow & Davidow (Larry S. Davidow,* of counsel), in their own behalf.

*Watson, Lott & Wunsch (Harrison T. Watson,* of counsel), for defendant.

CARR, J. The parties to this case were married in 1931. They have 6 children, 3 of whom were at the time of trial in the circuit court under the age of 18 years. Under date of November 26, 1952, plaintiff brought suit for divorce, charging in her bill of complaint that defendant had been guilty of extreme and repeated cruelty toward her, justifying the granting of the relief sought. Specifically, it was alleged that defendant used alcoholic liquors to excess, that when intoxicated he addressed the plaintiff in abusive

and insulting language, that he had indulged in other conduct subversive of the marital relation, and that his conduct in general caused her humiliation and embarrassment. Defendant filed answer denying the material averments of plaintiff's pleading. On trial of the issues raised the circuit judge came to the conclusion that plaintiff had established her right to a divorce and entered a decree accordingly, with provisions therein relating to the custody and education of the children, property settlement, and alimony. From such decree both parties have appealed.

The proofs in the case established that defendant's principal asset was stock in the corporation by which he was employed. For his labor he received a salary together with bonuses, commissions, and dividends on the 2,415 shares of which he was the owner. Following the separation, plaintiff established a home for herself and the children, incurring in connection therewith, as it is claimed, an indebtedness of approximately $41,500. Such facts enter largely into the determination of the issues raised with reference to alimony and division of property.

The decree entered required that the defendant assign to plaintiff 1,000 shares of the stock in question (common stock of the Herron-Zimmers Moulding Company), that until plaintiff receives dividends on said stock defendant should pay to the friend of the court for her benefit the sum of $700 per month, and that he should further pay the indebtedness above referred to in an amount not exceeding the sum mentioned. No permanent alimony was allowed, other than the required payments to be made in advance of the receipt of dividends from the stock. Plaintiff was given the custody of the 3 children under 18 years of age, and defendant was required to pay $150 per month for each of said children until each arrived at said age, or until the further order

of the court. He was also required to pay necessary medical and hospital expenses incurred for said minors, with authority reserved in the court to determine matters in controversy. The matter of the education of the children desiring to attend college after reaching the age of 18 was reserved for consideration by the court, unless defendant makes possible such education. Defendant was also ordered to pay an attorney fee in the sum of $12,000 to plaintiff's attorneys, and said decree, which was filed July 1, 1955, was declared immediately effective.

Plaintiff claims that the provision made for her is not of such character as to furnish her with security for her future, and for the maintenance of a proper home for herself and the children. On behalf of defendant and cross appellant it is insisted that certain provisions of the decree are inequitable, and that in consequence they should be modified or eliminated. The record before us indicates that the matters in dispute between the parties were gone into fully on the hearing in circuit court and that the trial judge gave careful consideration to the evidence and the arguments of counsel based thereon. It is apparent that he undertook to make an equitable division of the property of the parties and to assure, so far as possible, the maintenance of a suitable home for plaintiff and the minor children of the parties.

The determination of the issues involved in a case of this nature is not subject to fixed rules. The disposition of the controversy must necessarily rest, in each instance, on the particular facts involved as established by the proofs. *McCoy v. McCoy,* 317 Mich 478. On behalf of the defendant it is argued that the trial court was in error in requiring payment of the indebtedness incurred by plaintiff in the establishment of a home for herself and minor children. Such provision of the decree was obviously

intended to insure stability of the home and to prevent interferenec from any source with its use and enjoyment.  The conclusion is fully justified that plaintiff is not in position to become a wage earner. Security for her and the minor children requires that the obligation in this respect be borne by the defendant.  It is a fair inference from the proofs that he is possessed of good executive ability, is capable of earning substantial wages, and that his position with the company in which he holds an interest is assured.  Under the facts presented we are impressed that the provision of the decree in question was not inequitable.  The case comes fairly within the scope of prior decisions of this Court in which, under comparable circumstances, the payment of debts for the protection of a home for a divorced wife has been found proper.  Among such decisions is *Markell* v. *Markell,* 318 Mich 682.  A supplemental proceeding before the trial judge may be required in order to fix the exact amount of the indebtedness incurred by plaintiff, if the parties cannot agree with reference thereto.  It may be noted further that the decree does not in terms require defendant to make payment to the creditors but gives him the privilege of doing so.

The provision of the decree with reference to higher education for the children desiring such, after reaching 18, does not require extended discussion. Defendant objects thereto on the theory that it imposes on him the absolute duty of providing necessary funds for higher education for his children between the ages of 18 and 21.  However, such interpretation is scarcely justified by the language used. The decree suggests that defendant should "make possible" such opportunity for higher education, but requiring him to do so absolutely is reserved for future consideration by the court.  It may be assumed that when, and if, the matter is brought before

the court by proper petition the determination reached will be based on the situation existing at the time.

It is defendant's position on this appeal that the provision requiring him to assign to plaintiff 1,000 shares of his stock in the Herron-Zimmers Moulding Company is improper. Emphasis is placed on the fact that he received his stock by way of gift from his father and that, in consequence, it does not fall in the category of property earned by the parties during coverture as a result of their joint efforts. As before noted, the corporate stock was defendant's principal asset. It is pointed out in the opinion of the trial judge that defendant, in a sworn statement to the friend of the court under date of December 1, 1953, placed the value of the 2,415 shares that he owned at $393,645. On the trial he contended that it was worth approximately $229,000. According to plaintiff's claim it was worth much in excess of that sum. The assignment of a part of it to plaintiff was based on the finding of the trial judge as to her lack of earning ability and on the conclusion that security for her, and for the home that she was maintaining for herself and the children, rendered it proper and expedient to award to her income-producing property. The fact that the stock came to defendant by way of gift did not deprive the court of the power to make such an award. Under the facts of the instant case we find that it is not open to the objection urged on behalf of defendant. The position taken by this Court in prior decisions is clearly indicated in the following excerpt from *Reitz* v. *Reitz,* 338 Mich 309, 314:

"It is the accepted rule in this State that there is no rigid rule of division of property in divorce proceedings, the major consideration being the security of living for the wife. See *Mayer* v. *Mayer,* 266 Mich 241. See, also, *Robinson* v. *Robinson,* 275 Mich 420;

and *Hallett* v. *Hallett,* 279 Mich 246. In coming to our conclusion as to the rights of the parties, we do not overlook the fact that the cessation of the family life was caused by defendant's misconduct, and that it is his duty to furnish to the extent of his ability the needs that plaintiff may reasonably require. We have no hesitation in holding that under certain circumstances a wife may be entitled to share in property owned by the husband prior to marriage or inherited after marriage."

It may be noted further that the statute authorizing the court granting a decree of divorce to award to the wife part of the personal estate of the husband (CLS 1954, § 552.23 [Stat Ann 1955 Cum Supp § 25.103]) does not restrict such power as to personal property given to the husband during coverture or acquired by him prior thereto.

Defendant also claims that the attorney fee allowed by the decree to counsel representing plaintiff is excessive. However, the trial judge was in far better position than is this Court to determine the extent and value of the services rendered by counsel from the inception of the suit to its final determination. The issues involved in the controversy and the proceedings taken in the course of the litigation suggest the reasonable necessity for much work on the part of counsel on both sides and the expenditure of time and energy. Under the circumstances we cannot say that the fee as fixed by the decree of the circuit court is so clearly excessive as to require a reduction in amount on this appeal.

By temporary order entered after the institution of the divorce suit defendant was required to pay to plaintiff for her support, and the support of minor children, the sum of $1,200 per month. The trial judge came to the conclusion, as appears from his opinion in the cause, that plaintiff was entitled to the sum of $750 per month, which sum together with

the payments ordered by the decree for the support of the 3 minor children under 18 years of age would equal the amount of the temporary order. He also directed attention to the fact that as each child reached the age of 18, payments for the support of such child would terminate. On behalf of plaintiff it is urged that there can be no assurance that dividends on the 1,000 shares of Herron-Zimmers Moulding Company stock ordered to be assigned to plaintiff will equal the amount reasonably required for her security. It may be noted in this connection that dividends on the stock have varied in recent years, having been paid at the rate of $8 per share for the 2 years preceding the trial in circuit court and at the rate of $4 per share in 1952.

As before noted, the decree contains no provision for permanent alimony other than the requirement as to the payment of $700 per month until plaintiff receives dividends on the stock. We think there is much force in the claim that there is no assurance that the stock will pay dividends annually in an aggregate amount equal to the needs of the plaintiff as determined by the circuit judge. Under the record in the case we think such determination was a proper one, and that plaintiff should receive each month not less than the amount indicated. It may be noted further in this connection that the Herron-Zimmers Moulding Company is engaged presently in the business of manufacturing automotive parts which it sells to manufacturers of motor vehicles. It also makes certain kinds of mouldings for various purposes, but its principal business is as stated.

In view of the situation before us we think that the paragraph of the decree relating to the payment of permanent alimony should be modified by a provision requiring defendant to pay to plaintiff each month, in addition to the other provisions made for her in the decree, the sum of $100 toward her sup-

port. This would insure that, if dividends on the stock are maintained at the rate paid in 1953 and in 1954, plaintiff will receive each month slightly in excess of $750. If circumstances change in the future so that such monthly payment of permanent alimony appears to be either too large or too small, the court may, on petition of either party, modify it. CL 1948, § 552.28 (Stat Ann § 25.106). In this way the protection of the rights of the parties in the future may be safeguarded.

Following the taking of the appeal to this Court counsel for plaintiff filed a motion for attorney fees and expenses in connection therewith. Objection to the granting of such motion was interposed by defendant and, the parties being in disagreement as to certain material facts, the motion was held in abeyance and directed to be submitted with the case on appeal. This has been done, and in disposing of the controversy we give due consideration to said motion.

A decree will enter here modifying the decree of the trial court in the particular mentioned and otherwise affirming it. Plaintiff may have costs, including an attorney fee in the sum of $1,200, payable to counsel representing her on this appeal. Such decree will further provide that the cause be remanded to the circuit court for enforcement and for such further proceedings as may be required.

DETHMERS, C. J., and SHARPE, BOYLES, KELLY, and BLACK, JJ., concurred.

SMITH, J., did not sit.

The late Justice REID took no part in the decision of this case.