**Robyn C. SCHOBER, Appellant,**

v.

**Wayne SCHOBER, Appellee.**

**No. S–265.**

Supreme Court of Alaska.

Dec. 7, 1984.

J. Randall Luffberry, Palmer, for appellant.

Kathleen C. Barron, Wasilla, for appellee.

OPINION

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

BURKE, Chief Justice.

The issue in this appeal is whether unused personal leave, which may be used or converted to cash by the person accruing it, is a marital asset for purposes of the court's division of the parties' property in an action for divorce. We hold that such leave is marital property and that the superior court erred in refusing to treat it as such in the case at bar.

**I**

Wayne and Robyn Schober were divorced in 1983. At the time of the divorce Mr. Schober, an Alaska State Trooper, was owed over 400 hours of unused personal leave. Under the collective bargaining agreement governing his relationship with his employer, the leave that Mr. Schober had accumulated could be used as paid vacation or converted to cash. As much as 60 hours of unused leave could be converted to cash each year; the remainder could be converted to cash when his employment terminated.

In her divorce action, Mrs. Schober urged the trial court to treat Mr. Schober's unused leave as a marital asset, dividing its value between the parties. The superior court denied her request, upon the ground

that Mr. Schober's interest was contingent, stating:

> Plaintiff has not shown the court that the unused annual leave necessarily will accrue to defendant or his beneficiaries, as his supplemental benefits or pension would. For example, the plaintiff has not proved to the court that if defendant died while still employed by the state and before taking any of his accrued annual leave, that the accrued annual leave goes to his estate instead of being lost forever. Thus, it does not appear to be a present asset.

## II

No case has been called to our attention deciding this precise issue, and the question is certainly one of first impression in this state. The issue, however, is one that gives us little pause.

██ Even if the trial court were correct in its belief that Mr. Schober's interest might be lost in the event of his death, a conclusion that we consider highly questionable at best,[1] that would not mean that his interest was not vested at the time of the divorce. "The right to a paid vacation, when offered in an employer's policy or contract of employment, constitutes deferred wages for services rendered," and the "right . . . vests as the labor is rendered." *Suastez v. Plastic Dress-Up Co.,* 31 Cal.3d 774, 183 Cal.Rptr. 846, 852, 647 P.2d 122, 128 (1982). The right is akin "to pension or retirement benefits, another form of deferred compensation." *Id.* 183

Cal.Rptr. at 849, 647 P.2d at 125. As such, Mr. Schober's interest in his unused leave was "not an expectancy but a chose in action, a form of property." *In re Marriage of Brown,* 15 Cal.3d 838, 126 Cal. Rptr. 633, 637, 544 P.2d 561, 565 (1976). Moreover, it was an economic resource capable of being assigned a value by the trial court.

As Mr. Schober's leave was earned, there was a decision to use it or leave it to be used for the mutual benefit of the parties later in their marriage. We think it clear that the unused leave was, therefore, a marital asset, which should have been considered by the trial court in its division of the Schober's property. *See Monsma v. Monsma,* 618 P.2d 559 (Alaska 1980) (vested federal civil service retirement benefits are marital assets). Accordingly, we vacate the property division made in the court's final decree and remand this case to the superior court. The court is directed to consider the value of Mr. Schober's unused personal leave, including the value of any leave used or converted to cash during the pendency of this action, in its division of the parties' property.[2]

VACATED and REMANDED with directions.

---

1. Had Mr. Schober been required either to use his leave prior to termination or to lose it, it is logical to suppose that his estate would have no interest in any leave remaining unused at the time of his death. Here, however, the situation was different; Mr. Schober was entitled to convert his unused leave to cash at the time of his termination. Arguably, his right to be paid for unused leave would survive his death, forming part of his estate. *See* AS 39.20.360. We need not decide this issue, since we hold that his interest was vested in any event.

2. Our decision today is simply that the trial court erred in refusing to treat Mr. Schober's unused leave as a marital asset. Thus, we decline to direct the superior court to award one-half of this asset to Mrs. Schober, as she requests. The court is authorized to distribute the parties' property in any "manner as may be just," AS 25.24.160(6), and we trust that the court will make its final decision with that principle in mind.