CLOYD v CLOYD

Docket No. 94665. Submitted December 9, 1987, at Lansing. Decided January 20, 1988.

Marlene M. Cloyd sought a divorce from Normal C. Cloyd in the Lapeer Circuit Court. The court, Martin E. Clements, J., made findings of fact, granted the divorce and denied alimony. Plaintiff appealed.

The Court of Appeals *held:*

Factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the ability of the parties to work; (4) the source and amount of property awarded to the parties; (5) the age of the parties; (6) the ability of the parties to pay alimony; (7) the present situation of the parties; (8) the needs of the parties; (9) the health of the parties; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity. The factors which the trial court did consider weighed in favor of awarding alimony. The factors which the court did not consider but should have also weigh in plaintiff's favor. The trial court should have awarded alimony.

Reversed and remanded.

DIVORCE — ALIMONY.

Factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the ability of the parties to work; (4) the source and amount of property awarded to the parties; (5) the age of the parties; (6) the ability of the parties to pay alimony; (7) the present situation of the parties; (8) the needs of the parties; (9) the health of the parties; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 657-669.

Excessiveness or adequacy of amount of money awarded as permanent alimony following divorce. 28 ALR4th 786.

*Brian R. Schrope,* for plaintiff.

*Nowak, Poniatowski, Morgan & Zell* (by *L. John Nowak*), for defendant.

Before: DANHOF, C.J., and SHEPHERD and C. L. BOSMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of divorce entered on July 30, 1986. The trial court ordered that neither party was entitled to alimony. The sole issue raised by plaintiff is whether alimony should have been awarded. We hold that alimony should have been awarded to plaintiff and we remand for a determination of the proper amount of alimony.

The parties were married on August 20, 1966, and they separated on May 27, 1985. They have four children, three of whom were under age eighteen at the time of trial. Plaintiff was forty-one years old at the time of trial. Plaintiff has a high school education and she has some nurse's aide training. She worked at Lapeer Hospital for about one year prior to the marriage. In 1975, plaintiff returned to work as a nurse's aide at Lapeer Hospital. She earned over $5 per hour. In 1978, plaintiff had a laminectomy and spinal fusion. After her surgery, plaintiff returned to work part-time as a desk clerk for one year. From 1979 to 1981, plaintiff resumed working full time as a nurse's aide. During this time period, plaintiff reinjured herself at work when she twisted her ankle and fell.

Plaintiff testified that she had not worked since 1981 because she had been disabled. She said that she experienced constant pain and numbness in her legs and she could not lift things or stand or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sit for any length of time. Although plaintiff testified that her daughters must do housework for her, defendant testified that he saw plaintiff do the housework and gardening. Defendant's mother testified that she saw plaintiff do housework and pick strawberries.

Plaintiff received a $28,000 workers' compensation settlement during the marriage. Some of the money was used to buy a new car for plaintiff's use. The parties used some of the money to take a trip to Hawaii and to buy things for the house. There was $10,000 remaining in a certificate of deposit at the time of trial.

Plaintiff was living in the marital home with the three minor children at the time of trial. She spent $4,465.59 for child support since the parties separated. It is not clear whether this amount included the $826 plaintiff said she spent for college tuition and housing for the parties' eldest child prior to his turning eighteen. The parties stipulated that the marital home was worth $33,000. Plaintiff said that the mortgage balance was $13,243.83. Plaintiff made $64 house payments, which did not include taxes. Plaintiff testified that she had three delinquent house payments to make.

Plaintiff applied for medicaid and food stamps but was turned down. She was currently covered by defendant's Blue Cross and Blue Shield coverage, as she had been during the marriage. During the marriage, defendant paid the bills and gave plaintiff about $100 per week for groceries, clothes for the children and medicine. Plaintiff estimated her expenses at just over $1,000 per month.

Defendant testified that he is a sewing machine operator at Ford Motor Company's Utica Trim Plant. He worked at Ford for fourteen years and would have a fully vested pension if he remained sixteen more years. Defendant had a $25,000 life

insurance policy and Blue Cross and Blue Shield coverage. Defendant's base pay is $12.82 per hour plus $0.64 per hour for cost of living. In 1984, defendant's gross income was $34,056.89. In 1985, defendant's gross income was $36,165.84. Defendant was out of work from January 23, 1986, to March 3, 1986, for surgery on his upper colon, but was currently back to work full-time.

The parties' separation on May 27, 1985, was precipitated by a fight that occurred the day before. Defendant was apparently dissatisfied when he discovered there were no soft drinks in the refrigerator. Defendant said that plaintiff came at him, but plaintiff said that defendant hit her in the mouth. Defendant admitted hitting plaintiff across the cheek. Plaintiff said that defendant got out a gun, waved it around, and pointed it at her. Defendant admitting having a gun but denied pointing it at plaintiff. Three of the children were present and they were very upset. One of the children, Bryan testified that he walked into the kitchen and saw defendant slapping plaintiff. Bryan saw defendant get out a gun and said defendant was waving it around. When Bryan told defendant that he was pathetic, defendant backed Bryan up against the kitchen sink and began choking him.

Another incident occurred in 1984, when defendant threw plaintiff on the bed, tore the buttons off plaintiff's clothing, and got out a gun. Plaintiff said defendant bruised her arm and ripped the phone off the wall. Pictures of a large dark bruise on plaintiff's arm and a disassembled telephone were admitted into evidence. Defendant denied causing the bruise but admitted the remaining allegations. Defendant also admitted threatening to burn down the house.

The judgment of divorce awarded custody of the

children to plaintiff, with defendant to pay child support on a sliding scale. Defendant was ordered to pay medical expenses and to maintain medical insurance for the minor children only. Plaintiff was awarded the marital home and was ordered to assume the indebtedness. The judgment awards to defendant some property in Kentucky that he owned with his mother. He estimated the value at $700 to $800. Defendant was ordered to pay $300 towards plaintiff's attorney fee. Defendant was given a $720 credit against his child support arrearage and was ordered to pay the remaining arrearage at the rate of $10 per month. No alimony was awarded to either party.

We believe that plaintiff should have been awarded alimony. An award of alimony is within the discretion of the trial court. This Court reviews such an award de novo and exercises its independent judgment in reviewing the evidence, but gives grave consideration to the trial court's findings and will not reverse unless convinced it would have come to a different conclusion had it been sitting in the trial court's position. *Vance v Vance,* 159 Mich App 381; 406 NW2d 497 (1987). Factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the ability of the parties to work; (4) the source and amount of property awarded to the parties; (5) the age of the parties; (6) the ability of the parties to pay alimony; (7) the present situation of the parties; (8) the needs of the parties; (9) the health of the parties; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity. *Vance, supra; Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983).

In the present case, the trial court found as follows:

> Now, there is a request for alimony and many of the factors to consider probably do apply in this case: The marriage is of some duration. It's 19 years of marriage. There were children that were raised by the mother. She is disabled to some degree, too. To what degree is difficult to say.
>
> I'm satisfied that her education and her lack of employment over the course of the last three or four years is such that it would be difficult for her to gain employment that approaches that of her husband's.
>
> The other factors, and there are a number of factors to consider, is the standard of living that the parties have acquired, whether their own independent assets are sufficient and whether the division of property is sufficient, given the circumstances, to help the person who is entitled to alimony.
>
> In considering all of the factors in this case, I do not feel that alimony is appropriate, and alimony is not awarded to either party.
>
> It may be that she could work in some limited capacity on a part-time basis. Her children are a cost factor to her but that's a reason, that's a child support issue that I'm going to get to in a moment.
>
> \* \* \*
>
> I'm not saying that happened in this case, I'm just saying I haven't see a divorce yet where 100% of the fault is any one party but I do find more fault is on Mr. Cloyd than Mrs. Cloyd in this case.
>
> I find that she really doesn't have much ability to earn any money. With her age, lack of education and lack of recent employment and her disability to whatever degree it is, she isn't going to go out and make $30,000 or $35,000 a year like her husband and I am satisfied that all the studies

have proven recently that in divorce of this type, the woman is, her standard of living is remarkably diminished and I don't intend to let that happen in this case, not with three children living with her. She has more mouths to feed. She doesn't get nearly the income and on that basis, I do award the marital home to Mrs. Cloyd. That is her house.

In spite of these findings, the court held that alimony was not appropriate for either party. However, the factors considered by the trial court clearly weigh in favor of awarding alimony to plaintiff. In addition, the past conduct of the parties factor weighs in plaintiff's favor in light of the testimony regarding defendant's violent behavior. Moreover, while plaintiff's testimony that she was disabled was disputed, there was absolutely no testimony indicating that defendant's surgery left him disabled in any respect. Inasmuch as defendant's earnings are well into the mid-$30,000 range, defendant had the ability to pay alimony. Even if plaintiff could return to work, her earnings were just over $5 per hour. In addition, the prior standard of living of the parties was based on defendant's being the major "breadwinner" who paid the bills and gave plaintiff $100 per week for groceries, clothing for the children, medicine, etc. Finally, plaintiff has medical expenses that she must pay because defendant was not ordered to maintain plaintiff's Blue Cross and Blue Shield coverage. Since virtually every factor weighs in plaintiff's favor, the trial court should have awarded alimony to plaintiff.

The order of the trial court regarding alimony is reversed and this case is remanded for a determination of the proper amount of alimony to be paid by defendant to plaintiff.