ROGNER v ROGNER

Docket No. 99848. Submitted December 13, 1988, at Lansing. Decided
    August 9, 1989.

Plaintiff, Jane E. Rogner, was divorced from defendant, Walter R.
    Rogner, in the Saginaw Circuit Court, Joseph R. McDonald, J.
    Defendant appealed.

The Court of Appeals *held:*

1. The trial court made a mathematical error in computing
the equity in the home, which was awarded to defendant, but
the court's division of property was equitable despite the error
and thus, on remand, the property division should not be
disturbed.

2. The court did not act inequitably in reaching into defen-
dant's property acquired prior to the marriage in dividing
defendant's pension. Normally, property rights acquired prior
to marriage will be awarded to the party who acquired it, but
the rule is not absolute. A major consideration is the security
of the family and the court may utilize any property in the real
and personal estate of either party to achieve suitable support
for the family as the court considers just and reasonable after
considering the ability of either party to pay and the character
and situation of the parties, and all the other circumstances of
the case.

3. The court did not err in dividing the parties' stock by
value rather than by granting specific shares.

4. The award of attorney fees to plaintiff was not an abuse of
discretion.

Affirmed in part, reversed in part and remanded with in-
structions.

1. DIVORCE — ALIMONY — PROPERTY DIVISION — APPEAL.

The Court of Appeals reviews a divorce case de novo but will not
    substitute its judgment relative to an award of alimony or

REFERENCES

Am Jur 2d, Appeal and Error §§ 774, 868; Divorce and Separation
    §§ 589 *et seq.*, 864 *et seq.*

See the Index to Annotations under Attorneys' Fees; Property
    Settlement.

division of marital property for that of the trial judge absent a showing of an abuse of discretion or unless the Court of Appeals would have reached a different result had it occupied the position of the trial judge.

2. DIVORCE — PROPERTY DIVISION — PREVIOUSLY ACQUIRED PROPERTY.

Normally, property rights acquired prior to marriage will be awarded to the party who acquired it, but the rule is not absolute; a major consideration is the security of the family and the court may utilize any property in the real and personal estate of either party to achieve suitable support for the family as the court considers just and reasonable after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case (MCL 552.23; MSA 25.103).

3. DIVORCE — PROPERTY DIVISION — STOCK.

As an element of a property division pursuant to a divorce, a court may divide stock by value rather than granting specific shares (MCL 552.19; MSA 25.99).

4. DIVORCE — ATTORNEY FEES.

Attorney fees in a divorce case are properly assessed against a party who, by obstructionist positions, causes them to be incurred.

*Christ A. Anagnost,* for plaintiff.

*Heidemann & Heidemann, P.C.* (by *Karl G. Heidemann*), for defendant.

Before: SHEPHERD, P.J., and MURPHY and T. GILLESPIE,* JJ.

PER CURIAM. This is an appeal as of right from a divorce judgment granted to the parties in the Saginaw Circuit Court in 1987. We affirm in part and reverse in part.

The parties were married in 1976, and plaintiff wife filed for divorce in 1985. At the time of divorce the parties had two children, aged eight

* Former circuit judge, sitting on the Court of Appeals by assignment.

and nine. Defendant husband was employed by General Motors at its Saginaw Steering Gear plant. Prior to the marriage, plaintiff wife was a dental technician, but she ceased outside employment at the time of marriage and worked as a housewife and supervised the raising of the children.

All of the issues raised on appeal are directed at alleged errors in settling property rights and allowance of attorneys' fees.

Defendant was uncooperative in attempts to settle the divorce amicably, necessitating the trial court's frequent intervention. During the pendency of the divorce, plaintiff was required to file seven motions and prepare fifteen orders as a result.

The first issue is a challenge to the trial court's determination of marital equity in the marital home which was awarded to defendant.

Defendant purchased the home on land contract in July, 1971, five years before the marriage, for $40,000. He maintains that the value of the home at the time of marriage was $46,000. There was $12,000 owing on the home at the time of the marriage. Utilizing two appraisals on the home, one for $85,000 and the other for $68,000, and other evidence, the trial court found the fair market value to be $70,500.

The trial court allowed defendant a credit of $28,000 paid against the mortgage prior to the marriage and awarded the home to him subject to the $4,000 still due. The court then found the marital equity to be $44,500.

We do not fault the trial court's formula or decision in arriving at the marital equity, but believe a mathematical error was made. Added together, $28,000 plus $4,000 equals $32,000, which, subtracted from the $70,500, leaves a bal-

ance of $38,500 rather than $44,500. The judgment should be modified to correct that error.

On remand, the trial court is instructed to modify the divorce judgment to reflect that the value of the equity in the marital home is actually $38,500. We realize that this modification will result in a $6,000 reduction in the value of defendant's share of the marital estate. However, given the facts of this case, we find the trial court's distribution of the marital assets to have been equitable despite the mathematical error. Accordingly, we do not authorize the trial court to modify the property division in order to compensate defendant for the reduction in the value of his share of the marital estate.

It is basic law that this Court reviews property settlements in divorce cases de novo, but that it will not substitute its own judgment for that of the trial judge unless there has been an abuse of discretion or unless it is convinced that it would have reached a different result had it been sitting as the trial court. *Ackerman v Ackerman,* 163 Mich App 796, 807; 414 NW2d 919 (1987); *Gregg v Gregg,* 133 Mich App 23, 26; 348 NW2d 295 (1984).

Defendant challenges the trial court's division of the value of his General Motors pension. The pension had a stipulated value of $3,726. The court equally divided this pension. Defendant argues that one-third of the pension accrued before marriage and that therefore the portion that was a marital asset was only $2,484.

While we agree that normally property rights acquired prior to marriage will be awarded to the party who acquired it, such rule is not absolute.

The major consideration is the security of the family and the court may utilize any property in the real and personal estate of either party to achieve suitable support for the family as the

court "considers just and reasonable after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case." MCL 552.23; MSA 25.103; *Zimmers v Zimmers,* 346 Mich 28; 77 NW2d 267 (1956). *Reitz v Reitz,* 338 Mich 309; 61 NW2d 81 (1953).

The evidence in this case discloses a ten-year marriage, during which plaintiff worked in the home and her skills as a dental technician declined. She took the two children into her custody. The marital home was awarded to defendant, who was employed. The amount of the total current value of the pension was small, and defendant was allowed to retain all of the other rights associated with his employment.

We find the trial court's action equitable.

Defendant further complains of the trial court's division of stock by value rather than granting specific shares. The trial court is empowered to do that by MCL 552.19; MSA 25.99.

The last issue raised was the trial court's award of attorney fees to plaintiff. We can only comment that a large component of the attorney fees were caused by defendant's obstructionist position. Attorney fees are authorized under these conditions. *Ashbrenner v Ashbrenner,* 156 Mich App 373; 401 NW2d 373 (1986). Under these circumstances, no abuse of discretion in the award of attorney fees occurred. *Donahue v Donahue,* 134 Mich App 696; 352 NW2d 705 (1977); *Abadi v Abadi,* 78 Mich App 73; 259 NW2d 244 (1977).

We reverse that portion of the judgment containing the mathematical error in computing the equity of the marital home, and remand for the trial court to correct that error. In all other respects, the judgment is affirmed. We do not retain jurisdiction.