## LESKO v LESKO

Docket No. 109807. Submitted February 14, 1990, at Detroit. Decided July 2, 1990.

Plaintiff, Ralph E. Lesko, and defendant, JoEllen Lesko, were divorced by order of the Wayne Circuit Court, Claudia House Morcom, J. Plaintiff appealed, challenging the court's division of the marital property, award of alimony to defendant, and its award of attorney fees and costs to defendant.

The Court of Appeals *held:*

1. The trial court abused its discretion in awarding defendant a portion of that part of plaintiff's pension which accrued prior to the marriage and after the divorce. Only that portion accruing during the marriage should have been included in the divisible marital assets.

2. Defendant's argument that the trial court abused its discretion in failing to consider the tax consequences of the award to defendant of one-half of plaintiff's pension benefits is without merit.

3. The trial court properly ordered that plaintiff be required to pay the joint debts of the parties. The majority of the debts were actually plaintiff's individual obligations.

4. The trial court did not err in including as a marital asset the value of the banked vacation and sick time plaintiff has accumulated during his employment while married. In making a determination of the value of that asset, tax consequences should be considered.

5. While it was proper for the court to consider plaintiff's conduct in leaving the marital home with the proceeds from a cashed annuity and failing to send defendant any support for a

REFERENCES

Am Jur 2d, Divorce and Separation §§ 537, 589-591, 617, 905, 906, 921, 929, 1049.

Accrued vacation, holiday time, and sick leave as marital or separation property. 78 ALR4th 1107.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

Parent's obligation to support adult child. 1 ALR2d 910.

number of months, the overall distribution of the marital property was inequitable. The court clearly erred in valuing plaintiff's banked leave time at his gross rate of pay and failing to consider the tax consequences. The value of the banked leave time must be adjusted accordingly, which will result in the property division being even more inequitable. For this reason, plaintiff is not to be required to pay $10,000 to defendant as ordered by the trial court. In all other respects, the property division shall remain the same. Although the division remains unequal, it will be equitable.

6. The court improperly considered defendant's financial assistance to adult children living at home in setting the amount of alimony defendant is entitled to. The alimony award of $150 per week shall be reduced to $100 per week and alimony shall be terminable upon defendant's death or remarriage, as well as when she begins to receive the pension benefits.

7. The trial court did not err in awarding costs and attorney fees to defendant.

Affirmed in part, reversed in part, and remanded.

HOLBROOK, JR., P.J., dissented from that portion of the majority opinion which holds that plaintiff's accrued vacation time and sick leave are a divisible marital asset. He would reverse the decision of the trial court awarding defendant a portion of plaintiff's accrued sick leave and vacation time and remand for entry of a property settlement excluding this figure.

1. DIVORCE — MARITAL ESTATE — PENSIONS.

That portion of a pension attributable to service accrued prior to marriage or after the divorce cannot be considered part of the marital estate subject to award by the court.

2. DIVORCE — MARITAL ESTATE — ACCRUED PERSONAL LEAVE.

Accrued personal leave for which an employee can be paid at some point, such as at retirement, is a divisible marital asset; in determining the value of such an asset, tax consequences should be taken into consideration.

3. DIVORCE — DISTRIBUTION OF MARITAL ASSETS — PERSONAL CONDUCT.

The fact that a person left his marital home with the proceeds from an annuity and failed to send his spouse any money for support for a number of months is a proper factor for a court to consider in distributing the marital assets.

4. DIVORCE — ALIMONY — FINANCIAL ASSISTANCE TO ADULT CHILDREN.

It is improper for a court to consider a party's financial assistance

to adult children living at home when determining the amount of alimony to which that party is entitled.

5. DIVORCE — ATTORNEY FEES — COURT RULES.

Attorney fees should be awarded where necessary to enable a party in a divorce action to carry on or defend the litigation (MCR 3.206[A]).

6. DIVORCE — ATTORNEY FEES.

Attorney fees in a divorce case are properly assessed against a party who, by obstructionist positions, causes them to be incurred.

*Law Office of Robert K. McKenzie, Jr.* (by *Robert K. McKenzie, Jr.*), for plaintiff.

*Law Offices of John F. Gilhool, P.C.* (by *John F. Gilhool*), for defendant.

Before: HOLBROOK, JR., P.J., and HOOD and R. B. BURNS,* JJ.

R. B. BURNS, J. Plaintiff appeals from the February 24, 1988, judgment of divorce and the order allowing clarification of the judgment and amending the judgment entered on June 10, 1988. We affirm in part and reverse in part.

The parties were married on June 22, 1963. Four children were born of the marriage, three of whom are now adults. One adult child is residing with defendant, another adult child has moved out of the home and the third adult child is attending college full time and returns to defendant's home for summers and holidays. The minor child, Amanda, also lives with defendant. None of the children have provided financial support to defendant.

Plaintiff was employed by the City of Wyandotte for two years prior to the marriage and had been

_____

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

employed there for a total of twenty-six years at the time of trial. Plaintiff's annual salary as director of financial services had risen to over $49,000. Defendant did not work outside of the home throughout most of the marriage, terminating her employment when she became pregnant with the parties' oldest child. The parties maintained a "traditional" relationship, with defendant staying at home and, in plaintiff's opinion, caring for the children satisfactorily. She is now employed as a dental office receptionist, earning a little over $11,000 per year with nominal benefits.

Plaintiff testified that during the first five years of marriage three children were born. During those five years he worked during the day and obtained a bachelor's degree in business administration at night school. He also cared for the children and reduced his class load to help.

Plaintiff moved out of the marital home in October, 1985, stating that he fell "totally out of love" with defendant. He indicated that there had been a gradual breakdown in the marriage which had occurred over the last several years.

Defendant testified that plaintiff had been a good husband and provider during the marriage. She did not want the divorce. When plaintiff left, he did not send her any money for several months and she had to depend on relatives and neighbors for financial support.

On appeal, plaintiff raises four issues. First, he claims that the trial court abused its discretion in dividing the marital assets by: (1) awarding defendant fifty percent of his pension benefit for the total time plaintiff would participate in the plan, including that portion accrued prior to the marriage and after the judgment of divorce; and (2) failing to consider the tax consequences of the award.

The division of marital property is within the sound discretion of the trial court. *Perrin v Perrin,* 169 Mich App 18, 22; 425 NW2d 494 (1988). Although this Court reviews property settlements de novo, we will not reverse or modify the property division unless we are convinced we would have reached a different result had we occupied the position of the trial court. *Id.*

MCL 552.18(1); MSA 25.98(1) states:

> Any rights in and to vested pension . . . benefits . . . payable to or on behalf of a party on account of service credit accrued by the party *during marriage* shall be considered part of the marital estate subject to award by the court under this chapter. [Emphasis added.]

That portion of a pension attributable to service accrued prior to marriage or after the divorce cannot be considered part of the marital estate subject to award by the court. *Kurz v Kurz,* 178 Mich App 284, 292; 443 NW2d 782 (1989); *Kilbride v Kilbride,* 172 Mich App 421, 435; 432 NW2d 324 (1988). But see *Rogner v Rogner,* 179 Mich App 326, 329-330; 445 NW2d 232 (1989) (pension accrued prior to marriage determined to be divisible, MCL 552.23; MSA 25.103). Following *Kurz* and *Kilbride,* and applying MCL 552.18(1); MSA 25.98(1), we find that the trial court abused its discretion in awarding defendant the portion of plaintiff's pension which accrued prior to the marriage and after the divorce. Only that portion accruing during the marriage should have been included in the divisible marital assets. Plaintiff's future pension accrual, in particular, should not be subject to division. Therefore, we reverse and remand to the trial court to amend its judgment to award defendant one-half of only that portion of

plaintiff's pension benefit accrued during the marriage.

As for the trial court's failure to consider the tax consequences of the award, defendant's C.P.A. testified that each of the parties will pay taxes on his or her own share of the pension upon its receipt. Therefore, this argument is without merit.

Second, plaintiff claims that the trial court erred in distributing the marital property by: (1) awarding nearly all the marital property to defendant and ordering the joint debts to be paid by plaintiff; (2) including as a marital asset the banked vacation and sick pay which is only available at retirement and has no present value and assigning it to plaintiff as gross pay without considering the tax consequences; and (3) basing its decision on plaintiff's postseparation fault.

The objective of a property division is to reach an equitable distribution of property in light of all the circumstances. *Ackerman v Ackerman,* 163 Mich App 796, 807; 414 NW2d 919 (1987). The division need not be equal, but must be equitable. *Id.* The court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's needs, fault or past misconduct, and any other equitable circumstance. *Perrin, supra.*

Prior to addressing the general property division by the trial court, we will address the specific issues raised by plaintiff. He specifically complains that the trial court improperly required him to pay the parties' joint debts. On closer examination, these "joint debts" are not so "joint." The bill consolidation loan of $5,641 apparently paid $2,000 in cash to plaintiff, and defendant disputes that there was $3,641 in debts owing at the time of separation, stating that the debt amount at the

time was approximately $1,500. Further, defendant testified that the $1,500 included the Sears, Hudson and master card accounts, which plaintiff also used. Defendant testified that she charged between $200 and $300 for herself and Amanda from December, 1985, to February, 1986. The trial court could view the credibility of each witness regarding the disputed joint debts, determine that the majority of the debts were plaintiff's individual obligations, and properly order that he be required to pay the "joint" debts of the parties.

Plaintiff also argues that his "banked" vacation and sick time should not have been considered a divisible marital asset. Plaintiff has accumulated time valued at $22,900, for which he will receive cash payment upon retirement if he does not use it prior to that time.[1] This issue is one of first impression for this Court. However, at least one other state has considered the issue and found that accrued personal leave for which an employee can be paid at some point, such as at retirement, is a marital asset. *Schober v Schober,* 692 P2d 267 (Alas, 1984). See also *Brotman v Brotman,* 528 So 2d 550 (Fla App, 1988) (severance pay and earned vacation pay received at termination considered marital asset). In *Schober,* the husband had over four hundred hours of unused personal leave. It could be used as paid vacation, or as much as sixty hours per year could be converted to cash and the remainder converted to cash when his employment terminated. The *Schober* court found that the husband's right to the leave had vested, that it was a form of property and not an expectancy, and that it was an economic resource capable of being assigned a value by the court.

---

[1] Plaintiff had accumulated two hundred days of sick time and could only be paid for eighty-nine days upon retirement. The value placed on this asset included only the eighty-nine days for which he could be paid upon retirement.

Unlike the *Schober* court, which stated that the issue gave them "little pause," we do not find the issue so easily decided. On the one hand, plaintiff may become ill and not retain his sick days until retirement. On the other hand, he has accumulated these sick days and vacation days during the marriage, he has a right to the use or pay for these days and they are capable of being assigned a value. In balancing all of the factors, we find that such banked leave days are a divisible marital asset. However, the tax consequences should be taken into consideration in making the determination of value.

Regarding the property division as a whole, the trial court considered the proper factors in distributing the marital assets. See *Perrin, supra.* Contrary to plaintiff's assertion, it was proper for the court to consider plaintiff's conduct in leaving the marital home with the cash from the Kemper Annuity and failing to send defendant any support for a few months, although the court may have placed an inordinate amount of emphasis on this conduct.[2] See *Vance v Vance,* 159 Mich App 381; 406 NW2d 497 (1987), lv den 429 Mich 870 (1987). However, we find that the distribution was inequitable and we would have reached a different result. See *Perrin, supra.* The assets of the parties were divided as follows:

|  | Plaintiff | Defendant |
|---|---|---|
| Equity in marital home |  | $35,519 |
| IRA | $ 3,956.00 | 3,525 |
| Credit Union Account |  | 2,000 |
| Precious Memories collection | 500.00 | 4,000 |
| Deferred compensation | 7,713.42 |  |
| Kemper Annuity which plaintiff cashed in | 8,766.10 |  |

[2] We also note that much of the trial court's discussion of fault as to the divorce proceedings was in regard to the attorney fee issue, not the property division issue.

| | | |
|---|---|---|
| Banked vacation and sick days | 22,900.61 | |
| Court ordered payment from plaintiff to defendant | | 10,000 |
| | $43,836.13 | $55,044 |

In addition to the above and plaintiff's pension discussed previously, both parties retained a Knights of Columbus insurance policy, an automobile and some household furnishings.

Initially, we find that the trial court clearly erred[3] when it valued plaintiff's banked leave days at his gross rate of pay, failing to consider the tax consequences. We order that the trial court adjust the value of the banked leave days accordingly. This revaluation widens the gap in the asset division even more. Therefore, we order that the division of property be adjusted to the extent that plaintiff is not required to pay defendant $10,000 as ordered by the court. In all other respects, the property division shall remain the same. We are mindful that this division is not equal. However, defendant has limited liquid assets and a limited earning ability. We believe that she should retain the marital home, particularly because the parties' minor child is living there with defendant. For these reasons we believe that this property division is equitable under all the circumstances.

Third, plaintiff claims that the trial court abused its discretion in awarding defendant $150 per week in permanent alimony until she begins receiving pension benefits, unconditioned by death or remarriage, because: (1) it considered the defendant's voluntary assumption of payment for the cost of living for adult children living at the

---

[3] A trial court's valuation of an asset is a finding of fact that we will reverse only if found to be clearly erroneous. *Pelton v Pelton*, 167 Mich App 22, 25; 421 NW2d 560 (1988). A finding is clearly erroneous if, after a review of the whole record, we are left with the definite and firm conviction that a mistake has been made. *Id.*

marital home, even though said children were emancipated, employed or employable; (2) based its decision in large part on fault that occurred, not during the course of the marriage, but outside the record during the pendency of divorce proceedings; (3) failed to consider that there were adequate assets to be divided between the parties to sustain defendant in a comfortable life style; (4) unfairly weighed the claim of defendant's perilous health even though she was employed full time and there is no medical testimony to support a finding of impairment of health; and (5) failed to consider that the plaintiff would be required to incur debt obligations to pay the joint obligations assigned to him with no assets capable of being liquidated to retire said obligations.

The award of alimony is within the trial court's discretion. *Pelton v Pelton,* 167 Mich App 22, 27; 421 NW2d 560 (1988). Factors to be considered in awarding alimony are: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay alimony; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity. *Cloyd v Cloyd,* 165 Mich App 755, 759; 419 NW2d 455 (1988). On appeal, this Court reviews an alimony award de novo and exercises its independent judgment in reviewing the evidence. Yet, the trial court's findings are given grave consideration and will not be reversed unless this Court is convinced it would have reached a different result. *Vance, supra.*

In the present case, the court reviewed the

required factors. However, the court improperly considered defendant's financial assistance to adult children living at home. The circuit court lacks jurisdiction to order payment of child support beyond the age of eighteen. *Smith v Smith,* 433 Mich 606; 447 NW2d 715 (1989). Therefore, we decline to allow a court to order support for adult children through the back door by alimony where it cannot order it through the front door by child support.

In addition, although defendant's health is a proper consideration, it does not appear to affect her ability to work.[4] In *Vance,* the Court acknowledged that the husband earned a net salary of $560 per week and could afford the payment of alimony while the wife earned only $400 per month. The Court also acknowledged that the breakup was attributable to the husband. However, the Court found that the wife's health problem did not affect her job performance and, because the husband had to pay $100 per week in child support as well as the alimony payment, the Court reduced the alimony obligation after finding the original award excessive.

In the present case, although plaintiff earns much more than defendant, defendant's health problems apparently do not affect her ability to earn an income. In addition, plaintiff is ordered to pay $125 in child support per week. Therefore, in considering all the proper factors, we find that the alimony award is excessive and order that it be reduced to $100 per week. The alimony should be made terminable upon defendant's death or remarriage, as well as when she begins to receive the pension benefits.

Last, plaintiff claims that the trial court abused

---

[4] Defendant testified to having several health problems, including diabetes and tinnitus.

its discretion when it ordered plaintiff to pay defendant's attorney fees and costs.

An award of attorney fees in a divorce case is within the discretion of the trial judge. *Kilbride, supra,* p 428. However, attorney fees should be awarded only if necessary to enable a party to carry on or defend the litigation. MCR 3.206(A); *Kilbride, supra.* In the present case, there was sufficient evidence that defendant was in need of financial assistance to defend the divorce action, including her income level and general financial condition. Further, the trial court found that it was plaintiff's actions which required the necessity of incurring additional legal fees for motions, show cause hearings and failure to adequately respond to a request for admissions. Attorney fees are authorized under such conditions. See *Rogner, supra,* p 330; *Ashbrenner v Ashbrenner,* 156 Mich App 373, 377-378; 401 NW2d 373 (1986). Consequently, we affirm the award of attorney fees to defendant.

Affirmed in part, reversed in part and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

HOOD, J., concurred.

HOLBROOK, JR., P.J. *(dissenting).* I respectfully dissent from that portion of the majority opinion which holds that plaintiff's accrued vacation time and sick leave are a divisible marital asset.

In arriving at this result, the majority relies upon the reasoning utilized by the Alaska Supreme Court in *Schober v Schober,* 692 P2d 267 (Alas, 1984). Mr. Schober, an Alaska state trooper, had over four hundred hours of accrued, but unused, personal leave. Pursuant to his contract with the state, the leave could be used as paid vacation

or converted to cash. As much as sixty hours of unused leave could be converted to cash each year; the remainder could be converted to cash when his employment terminated. In holding that the unused leave time was a divisible marital asset, the Alaska court said that the right to a paid vacation constitutes deferred wages for services rendered and the right vests as the labor is rendered. The court concluded the right is similar to pension or retirement benefits and was another form of deferred compensation. Therefore, the court said, the interest in the "unused leave was not an expectancy, but a chose in action, a form of property." *Id.*, p 268.

I am not persuaded, however, that accrued vacation and sick time warrants the same treatment as a pension or retirement benefit. The usual purpose for granting employees vacation time is "to allow the employee to relax, rest and restore his or her energy so that he or she may continue to perform all required functions or duties with ability, efficiency and dispatch. In short, it is a matter of policy, to secure continued good performance and to maintain a good and satisfactory relationship." 16 Callaghan's Michigan Civil Jurisprudence, Master & Servant, § 24, p 352. Much the same can be said about the policy of providing paid absences during times of employee illness. A pension or retirement benefit, on the other hand, is deferred compensation for services rendered established to attract more competent workers, induce better and more continued service and to avoid the expense of labor turnover. 16 Callaghan's Michigan Civil Jurisprudence, Master & Servant, § 22, p 347.

Paid vacation and sick leave is in reality an alternative form of wages inasmuch as it replaces wages on days when the worker does not work. *MEA/AFSCME Local 519 v City of Sioux Falls,*

423 NW2d 164, 166-167 (SD, 1988). It need not be liquidated by the payment of cash; it is usually dissipated when the person entitled to do so takes the vacation time or utilizes his or her sick leave. Thus, it is far from being as tangible as a pension or retirement benefit is.

Over and above this dissimilarity to a pension or retirement benefit is the entire question of valuation. If Mr. Lesko reaches retirement without ever having used his accrued sick leave or vacation time, and that seems somewhat unlikely, chances are he will receive compensation for this accrued time at his then current rate of pay, the true value of this "asset." What that rate may be at that point in time is impossible to predict today. Would it be equitable, though, to value this accrued time at this future rate of pay even if it could be predicted? I think not since this would represent a postdissolution valuation of a marital asset.

For the settlement to be truly equitable to both parties and to achieve the majority's goal of a true division of an "asset" acquired during the course of this marriage, the time would have to be valued pursuant to the rate of pay Mr. Lesko was earning at the time the leave time was accrued. If valued in this manner, will a first-in, first-out approach be taken or a last-in, first-out approach be followed? If a first-in, first-out approach is taken, any time Mr. Lesko would have earned during his employment prior to the marriage must be excluded from the equation. This is particularly true of the sick time computation since he could only be paid for 89 of his 220 accrued days upon retirement and any sick time earned in the two years prior to the marriage should, equitably, be excluded from these 89 days.

In *Schober, supra,* the valuation of the time was

much clearer. Mr. Schober, at his option, could have converted up to sixty hours per year to cash, thus providing a ready guide for valuation. Whether Schober made it to retirement with his four hundred hours intact is of little importance since he had the right to receive payment for up to sixty hours per year and chose not to do so. Mr. Lesko on the other hand had no such option; the only way he will ever receive compensation for this accrued time is to never utilize any of his leave time between today and his retirement at some point in the future.

Accordingly, I would not hold that accrued sick leave and vacation time is a marital asset to be divided in a property settlement. I would reverse the decision of the trial court awarding defendant a portion of plaintiff's accrued sick leave and vacation time and remand for entry of a property settlement excluding this figure.