{¶ 38} I respectfully dissent. First, although I agree that appellant's fifth assignment of error should be sustained, in regard to reimbursement for use of the home, I do not feel the trial court unnecessarily entangled the parties by allowing appellee to stay in the home until the parties' son graduated from high school. When parents with minor children are dissolving their marriage, any stability that can be maintained for the child is critical. Consequently, I do not feel the trial court abused its discretion in this respect.
 {¶ 39} Secondly, in regard to the treatment of sick time as marital property, I dissent as well.
 {¶ 40} "[S]ick leave is in reality an alternative form of wages in as much as it replaces wages on days when the worker does not work."Lesko v. Lesko 184 Mich. App. 395, 407, citing MEA/AFSCME Local 519 v.City of Sioux Falls (S.D. 1988), 423 N.W.2d 164, 166-167 (Holbrook, Jr., P.J., dissenting). "It need not be liquidated by the payment of cash; it is usually dissipated when the person entitled to do so takes the vacation time or utilizes his or her sick leave. Thus, it is far from being as tangible as a pension or retirement benefit is." Id. at 408. Consequently, I dissent as I feel the trial court did not err in finding that sick leave is not marital property. I concur with the rest of the majority opinion.