# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT P. GYORKE,

        Plaintiff-Appellee,

v

SHELLY B. GYORKE,

        Defendant-Appellant.

UNPUBLISHED
April 25, 2017

No.  330375
Wayne Circuit Court
Family Division
LC No.  14-110624-DM

Before:  SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals a judgment of divorce and claims that she was entitled to half of a joint tax refund.  For the reasons provided below, we affirm.

At issue in this case is the disposition of monies that were "refunded" from the IRS in relation to an overpayment of the couple's joint 2014 income taxes.  During the marriage, plaintiff was the sole source of income for the couple and plaintiff filed for divorce in September 2014.  During the proceedings, the trial court entered an order that required the parties "to maintain the financial status quo in the maintenance of the marital estate and household expenses, until further ordered."

Because of plaintiff's employment situation, he was required to pay quarterly tax payments to the IRS.  When it came time to file the parties' joint 2014 income tax form, plaintiff filed for an automatic extension, but the law required him to submit a payment.  The parties' CPA testified that, at the time, he anticipated that the parties would owe an amount of $23,000 in conjunction with their joint 2014 tax filing.  And, in order to avoid any penalties, the payment would still have to be made by April 15, 2015, regardless of any extension.  Also on that same April 15 date, plaintiff's estimated tax payments in the amount of approximately $38,000 were due for the first quarter of 2015.  Thus, a total of $61,000 was due to the IRS by April 15.  The CPA suggested and plaintiff agreed, that instead of writing a check for the $23,000 in conjunction with the extension and a separate check for $38,000 for the first-quarter estimated tax payment, plaintiff could instead pay $61,000 in conjunction with the extension request and have the $38,000 overage or "refund" applied to the first estimated tax payment.

On August 12, 2015, the parties entered into a settlement agreement, which provided, in pertinent part, that the parties were to maintain the financial status quo until September 30, 2015,

-1-

and any expenses accrued through that date were to be paid. Also, the marital bank accounts were to be equally divided after all the financial status quo expenses were paid. The judgment of divorce was entered on November 3, 2015, and incorporated the settlement agreement.

Defendant argued to the trial court that she should have been awarded half of the $38,000 overage, because this was a "refund" from their joint 2014 tax return. The court disagreed and explained that the parties owed the IRS $61,000 at the time plaintiff made the single payment before April 15, 2015. It did not matter that plaintiff made the payment in a single payment or in two payments because, in any event, the payments would have been paid from the parties' marital funds per the status quo order.

On appeal, defendant argues that the trial court erred when it failed to award her half of the $38,000 refund. We disagree.

"In a divorce action, this Court reviews for clear error a trial court's factual findings on the division of marital property and whether a particular asset qualifies as marital or separate property." *Hodge v Parks*, 303 Mich App 552, 554-555; 844 NW2d 189 (2014). "Findings of fact are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010). "This Court further reviews whether a trial court's dispositional rulings are fair and equitable in light of the trial court's findings of fact, but this Court will reverse only if definitely and firmly convinced that the disposition is inequitable." *Id*. at 365.

Equitable distribution of property, in light of all the circumstances, is the goal when distributing marital assets in a divorce proceeding. *Butler v Simmons-Butler*, 308 Mich App 195, 208; 863 NW2d 677 (2014). When determining what is equitable, a trial court should consider each party's age, health, needs, station in life, and earning capacity; the length of the marriage; contributions to the marital estate; fault of the party; and other equitable circumstances. *Id*.

Before dividing property, the trial court must first determine which assets are marital assets and which are individual assets. *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997). There is a general presumption that all the debt which accumulated during the marriage is marital debt. See *Lesko v Lesko*, 184 Mich App 395, 401; 457 NW2d 695 (1990), overruled on other grounds *Booth v Booth*, 194 Mich App 284, 291; 486 NW2d 116 (1992). However, the trial court, after weighing witness credibility, determines whether a debt is a joint debt or "the individual responsibility of one of the parties." *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005). Thus, the trial court may order that marital funds be used to pay a marital obligation which accrued after the complaint for divorce was filed, but before the judgment of divorce is entered.

Not only is it within the trial court's discretion to determine whether a debt incurred during the pendency of a divorce is a joint or individual debt, plaintiff and defendant decided in the settlement agreement to maintain the financial status quo until September 30, 2015. It is not disputed that the terms of the settlement agreement are binding.

There is no dispute that the refund for the 2014 taxes was marital property because the parties filed their taxes jointly. The issue is whether it was equitable to allow those marital funds

to be used for the payment of 2015's first quarter estimated tax payment. We hold that it was equitable and fair. The first quarter of 2015 falls within the time period when the financial status quo order was in effect. Plaintiff maintained the status quo by paying the estimated quarterly taxes, for which defendant was jointly liable. Further, defendant agreed that the financial status quo should be maintained until the divorce was finalized. Plaintiff's use of the parties' joint 2014 refund funds for the 2015 first-quarter payment was appropriate. Indeed, if those funds had not been used, the record indicates that plaintiff would have simply paid the estimated tax payment with those exact same marital funds, albeit with a separate check.[1] Accordingly, because the use of marital funds—regardless of its form—to pay the couple's debts was consistent with the status quo, defendant did not establish that the trial court erred when it denied her request for half of the 2014 tax refund.

Affirmed. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ David H. Sawyer
/s/ Henry William Saad

---

[1] Instead of one check drawn from the marital account at $61,000, plaintiff would have issued two checks drawn from the same account in the amounts of $23,000 and $38,000 that totaled $61,000.