*In re* MARRIAGE OF EDGAR FELDMAN, Petitioner-Appellee and Cross-Appellant, and INA Y. FELDMAN, Respondent-Appellant and Cross-Appellee.

Second District   No. 2—89—0653

Opinion filed July 18, 1990.

Randy K. Johnson, of Law Office of Robert A. Chapski, Ltd., of Elgin, for appellant.

Schaffner & Anderson, Chartered, of West Dundee (Harry Schaffner, of counsel), for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The respondent wife, Ina Y. Feldman, appeals from the trial court's property, maintenance, and fee awards pursuant to the dissolution of her marriage to the petitioner husband, Edgar Feldman. The husband brings a cross-appeal. We reverse and remand.

The parties were married in 1959, when the husband was 23 and the wife was 22 years old. Four children were born to the marriage; all of them were emancipated when the dissolution was entered in 1988.

The husband is one of two principal shareholders in a professional corporation: General and Vascular Surgery, Ltd. (the practice). His gross taxable income in 1987 was $265,000. During the 29-year marriage the wife had primary responsibility for household affairs; she also was employed as a certified speech therapist. She has some graduate credits in her field and is employed at an annual $29,440 salary.

The court received extensive testimony about the parties' financial condition and awarded the marital property as follows. The wife received $549,311 in assets, including the marital home. The husband received $593,514 in assets, including the practice. The parties' debts on pension and profit sharing funds were allocated jointly; the $25,000 mortgage was allocated to the wife, and $72,300 in miscellaneous debts to the husband. The court ordered that the husband pay $2,500 monthly maintenance payments to the wife, reviewable on every three-year anniversary of the order. Lastly, without holding a hearing, the court ordered each party to pay his own attorney fees.

On appeal the wife first argues that, in distributing marital property, the court erred in not considering three marital assets: the practice's accounts receivable, the husband's interest in a professional building, and compensation due the practice for the husband's work as head of a hospital trauma center. We agree with the wife on all three points.

■■ The Illinois Marriage and Dissolution of Marriage Act (the Act) provides for equitable division of all "marital property" upon dissolution of a marriage. (Ill. Rev. Stat. 1987, ch. 40, par. 503.) To determine the value of a business which is marital property, the court must consider (1) fixed assets, (2) other assets, including accounts receivable, (3) the goodwill in the business, and (4) business-related liabilities. *In re Marriage of Rubinstein* (1986), 145 Ill. App. 3d 31, 36.

■■ The court's careful and thoroughly presented written judg-

ment discloses that, in determining the value of the practice, it excluded the practice's accounts receivable. The husband argues that the court correctly considered those amounts as future income. Under our decision in *Rubinstein*, however, the court's omission was erroneous: the accounts receivable are business assets and must be included in the practice's valuation.

The wife also refers to one specific account receivable apparently excluded in the trial court's business valuation. The record shows that as of the date of dissolution, the husband had earned over $20,000 as trauma service director for Sherman Hospital. The practice, which was entitled to receive that salary payment, had collected none of those monies. Under *Rubinstein*, the court erroneously excluded consideration of this account receivable.

■ Also in relation to the court's valuation of the parties' marital property, the wife urges that the court abused its discretion by placing a value of $0 on the husband's interest in the West Side Professional Building (the building). The husband testified that he owned 26.67% interest in the building. Also, he opined that the building was worth $164,000. On appeal, he suggests that the court's $0 valuation either reflects or is counterbalanced by the court's determination on indebtedness related to the building.

The court received no evidence that the building was valueless. Further, the court's judgment order thoroughly accounted for the parties' debts without specifically applying debt against the building's value. We find that the $0 valuation was an abuse of the trial court's discretion.

Because the husband's counterargument bears relation to this first of the wife's arguments, we next address that counterargument: that the court improperly included a figure for "goodwill" in valuing the husband's practice. The husband urges that we reconsider our decision in *In re Marriage of Rubinstein* (1986), 145 Ill. App. 3d 31, which stands for inclusion of goodwill in the business evaluation.

According to the husband, in valuing a professional practice the court should consider goodwill without fixing a specific value. He argues with support of other appellate districts' decisions, that if the court both includes goodwill in the business valuation and awards maintenance, it double counts the asset of "likelihood of future income," which is the basis for both awards. See *Head v. Head* (1988), 168 Ill. App. 3d 697; *In re Marriage of Kapusta* (1986), 141 Ill. App. 3d 1010; *In re Marriage of Courtright* (1987), 155 Ill. App. 3d 55; *In re Marriage of Stone* (1987), 155 Ill. App. 3d 62.

■ After considering the husband's argument, we find no reason

to depart from our prior conclusion in *Rubinstein*, that a fair and just disposition of marital property requires considering goodwill in valuing a professional corporation. The intangible asset of goodwill clearly affects a shareholder's future earnings from a business. However, that is equally true of other business assets and is no basis to restrict consideration of that factor. We find no abuse of discretion in the court's inclusion of $96,500 goodwill in valuing the husband's practice.

In her more general comments regarding the property distribution, the wife argues that the court abused its discretion in failing to properly consider the statutory factors for the distribution. (See Ill. Rev. Stat. 1987, ch. 40, par. 503(d).) She emphasizes her multiple roles in the marital household, the length of the marriage, and the parties' relative training, economic circumstances, and health.

■ We are not persuaded by the thrust of the argument. The record reveals that the court carefully considered all the relevant statutory factors, including those emphasized by the wife. Nevertheless, we reverse the court's property distribution and remand for redistribution which includes the items of marital property erroneously omitted from the original judgment. See *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636-37.

■ The wife makes two additional arguments which are also relevant on remand of the property distribution. First, she argues that the court abused its discretion in failing to allocate tax consequences of withdrawing funds from the parties' profit-sharing and pension funds. Her argument is meritless. The trial court judge explicitly stated that his judgment considered tax consequences.

Secondly, the wife argues that court abused its discretion in refusing to reopen proof on the value of a brokerage account in the marital property. The wife asserts that the account's value fell from the evidenced $8,900 to a value of $900 on the date of judgment.

■ Whether to reopen proof is a matter for the trial court's discretion, taking into account any excuse for the failure to introduce the relevant evidence at trial and any surprise or unfair prejudice to the opposing party; we will not disturb the court's decision absent a clear abuse of discretion and substantial injustice. (*In re Marriage of Suarez* (1986), 148 Ill. App. 3d 849, 858.) Because we reverse on other grounds, we need not decide whether the court's decision here was an abuse of discretion. However, we note that assets are to be valued on the date of dissolution (*In re Marriage of Courtright* (1987), 155 Ill. App. 3d 55, 59).

The wife's next arguments relate to her maintenance award. Basically, the wife argues that her maintenance award was inadequate.

She refers to the marital property omitted from the court's consideration. She also challenges that the court gave inadequate consideration to several statutory factors regarding determination of maintenance: the time needed for her to secure education for appropriate employment, the standard of living established during the lengthy marriage, the parties' relative physical and mental conditions, and the husband's ability to pay (Ill. Rev. Stat. 1987, ch. 40, pars. 504(b)(2) through (b)(6)). The wife also asserts that the court erred in ordering that the award be reviewable every three years and in finding that it lacked authority to secure the award, for example with a life insurance policy.

■■ Our analysis on this issue is akin to our analysis on the wife's argument regarding marital property distribution. We find ample evidence that the court properly considered all the relevant statutory factors, including those that the wife emphasizes here. However, based upon our determination that the court erroneously excluded several items of marital property from its consideration, we reverse the maintenance award for redetermination based upon all the marital property. See *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636-37.

■■ As may be relevant on remand, we also find no abuse of discretion in the court's determination that it would review the maintenance award once every three years. The court's order appropriately reflected both uncertainty about the parties' financial futures (see *In re Marriage of Heller* (1987), 153 Ill. App. 3d 224, 235) and the statutory provisions for modification in the case of substantially changed circumstances (Ill. Rev. Stat. 1987, ch. 40, par. 510).

■■ Regarding the court's authority to enter a maintenance award secured by life insurance, we find no abuse of discretion in the court's failure to consider that sort of security award. We agree with the reasoning of the court in *In re Marriage of Clarke* (1984), 125 Ill. App. 3d 432, cited by neither party. The *Clarke* court concluded that, absent the parties' agreement, the court had no authority to order security for the husband's payment of the wife's unallocated maintenance after his death. In this analogous setting, the court properly found a lack of authority to order a secured maintenance award.

■■ Lastly, we address the wife's arguments regarding attorney fees. The wife argues, and we agree, that the court abused its discretion in denying her request for a hearing on attorney fees. As the husband argues, the wife has no statutory entitlement to attorney fees and the fees hearing will prolong the proceedings. Nevertheless, when attorney fees are contested, the court must conduct a hearing

on that issue. (*Sahs v. Sahs* (1977), 48 Ill. App. 3d 610, 613.) Upon remand, the court shall, of course, consider all the relevant factors, including its modified decisions on division of assets and maintenance, to determine if attorney fees are appropriate and, if so, in what amount. See *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636-37.

Based on the foregoing, we reverse the judgment of the circuit court of Kane County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

UNVERZAGT, P.J., and WOODWARD, J., concur.